United States District **Court**
District of Connecticut
FILED AT HARTFORD
12-14-04

Kevin F. Rowe, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-04-1

UNITED STATES OF AMERICA

v.

NOEL KEATING; RICHARD CARTER;
OMAR MITCHELL; NEGUS
FORRESTER; LOIS KEATING; OMAR
BROWN, a.k.a. "Shawn"; MISHA
CAMPBELL; SHANE DAILEY;
LAWRENCE EASTERLING, a.k.a.
"LaLa"; KANIEL FORRESTER
a.k.a. "Beevis"; RICARDO
FULLER; JASON SPENCER, a.k.a.
"Bebe"; DAMION GARDNER, a.k.a.
"Asshole"; ROHAN PURCELL,
a.k.a. "Puss"; CHRIS RUSSELL;
KERRY THOMPSON; JENNETTE
VASSELL; TRAVALES JOHNSON;
KENNETH POWELL, a.k.a.
"Chucky"; CLAYTON ROBINSON;
and MAURICE BENNEFIELD, a.k.a
"Manager Mo"

CRIMINAL NO. 3:04cr337(AWT)

VIOLATIONS:

21 U.S.C. § 846 (Conspiracy to
Possess with the Intent to
Distribute Cocaine and Cocaine
Base)

21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), 841(b)(1)(B) and
841(b)(1)(C) (Possession with
Intent to Distribute &
Distribution of Cocaine and
Cocaine Base)

18 U.S.C. § 2 (Aiding and
Abetting)

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Kevin...
By
Deputy Clerk

From on or about June 1, 2004 to the present, the exact

dates being unknown to the Grand Jury, in the District of

Connecticut and elsewhere, **NOEL KEATING; RICHARD CARTER; LOIS**

**KEATING; NEGUS FORRESTER, OMAR BROWN**, a.k.a. "Shawn"; **MISHA**

**CAMPBELL; SHANE DAILEY; LAWRENCE EASTERLING**, a.k.a. "LaLa";

**KANIEL FORRESTER**, a.k.a. "Beevis"; **RICARDO FULLER; JASON SPENCER**,

a.k.a. "Bebe"; **DAMION GARDNER**, a.k.a. "Asshole"; **ROHAN PURCELL**,

a.k.a. "Puss"; **CHRIS RUSSELL; KERRY THOMPSON; JENNETTE VASSELL;**

**TRAVALES JOHNSON; KENNETH POWELL**, a.k.a "Chucky"; **CLAYTON**

**ROBINSON;** and **MAURICE BENNEFIELD,** a.k.a "Manager Mo" the defendants herein, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**

From in or about December 2003, to on or about November 16, 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **NOEL KEATING** and **OMAR MITCHELL,** the defendants herein, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

**COUNT THREE**

On or about July 1, 2004, in the District of Connecticut,

-2-

**KANIEL FORRESTER**, a.k.a. "Beevis"; **RICARDO FULLER**, and **TRAVALES JOHNSON**, the defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

### COUNT FOUR

On or about September 11, 2004, in the District of Connecticut, **SHANE DAILEY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FIVE

On or about September 20, 2004, in the District of Connecticut, **KENNETH POWELL**, a.k.a. "Chucky", the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT SIX

On or about October 1, 2004, in the District of Connecticut, **NEGUS FORRESTER** and **LAWRENCE EASTERLING**, a.k.a. "LaLa", the defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### COUNT SEVEN

On or about November 5 and 6, 2004, in the District of Connecticut, **NOEL KEATING; RICHARD CARTER; NEGUS FORRESTER;** and **JENNETTE VASSELL** the defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### FORFEITURE ALLEGATION

1.    The allegations contained in Counts One through Seven are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

-4-

2.   Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two and Seven of this Superseding Indictment, Noel Keating, Lois Keating, Richard Carter, Damion Gardner, Kerry Thompson, and Jason Spenser as named defendants in some of the above-referenced Counts, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the violations alleged in this Superseding Indictment, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged herein, and any of said defendant's interest in, claims against, and property and contractual rights of any kind which was used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Superseding Indictment, including, but not limited to, the following:

a.   a 2001 gray Acura 3 2CL, VIN Number 19UYA42671A025144, registered to Damion Gardner, 4 April Way, Bloomfield CT, bearing Connecticut Registration 256-ZZY;

b.   a 1998 green Infinti I30, VIN Number JNKCA21A1WT614705, registered to Franklin Spencer, 40 Hillside Street, East Hartford, Connecticut, bearing Connecticut Registration 234-THS;

c.   a 1998 Nissan Maxima, VIN Number JN1CA21D2NM909935, registered to Noel Keating, 2 Alexander Road, Bloomfield, Connecticut, bearing Connecticut Registration 525-TEG;

d.   a 1998 tan Chevrolet Venture, VIN Number 1GNDXO3E1WD135615, registered to Noel Keating, 2 Alexander Road, Bloomfield, Connecticut, bearing Connecticut Registration 457-SZL;

e.    a 1993 red Acura Integra, VIN Number JH4DA9360PS021527,
      that does not appear to be currently registered in the
      state of Connecticut;

f.    $432,692.00 in United States currency, in that such sum
      in aggregate was received in exchange for the
      distribution of controlled substances or is traceable
      thereto;

g.    $1754.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto; and

h.    $17,700.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto;

i.    $2000.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto;

j.    $1360.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto;

k.    $2520.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto;

l.    $1122.00 in United States currency, in that such sum in
      aggregate was received in exchange for the distribution
      of controlled substances or is traceable thereto;

m.    One Glock Model 27 .40 caliber semi-automatic pistol,
      serial number GEZ677;

n.    One silver Smith & Wesson Model 4006 .40 caliber semi-
      automatic pistol, serial number TVC5667;

o.    One black Sig Sauer Model P226 9mm semi-automatic pistol,
      serial number U418376; and

p.    One Smith & Wesson Model 36 .38 caliber revolver, serial
      number 59818.

3.    If any of the above-described forfeitable property, as a

result of any act or omission of the said defendants named in this

Superseding Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code § 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PETER D. MARKLE
CHIEF, DRUG TASK FORCE

RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY